Robert A. Nersesian
Nevada Bar No. 2762
**NERSESIAN & SANKIEWICZ**
528 South Eighth Street
Las Vegas, Nevada 89101
Telephone: 702-385-5454
Facsimile:   702-385-7667
Email: vegaslegal@aol.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Theodore Lichtenstein, III, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| Bellagio, LLC, d/b/a Bellagio Hotel & Casino and MGM Resorts International, | ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT AND JURY DEMAND**

**COMPLAINT**

NOW COMES Plaintiff, Theodore Lichtenstein, III, and for his complaint against the defendants, states as follows:

JURISDICTIONAL ALLEGATIONS

1. This action involves events that occurred at the property commonly known as the Bellagio in Las Vegas, Nevada and also involves communications involving MGM Resorts International ("MGM") in Las Vegas.

2. Defendant, Bellagio, LLC, d/b/a Bellagio Hotel & Casino ("Bellagio, LLC"), has its principal place of business in Clark County, Nevada, and is a citizen of Nevada.

3. Bellagio LLC's principal business is operating and owning the casino by similar name on the Las Vegas Strip, which casino will hereafter be referred to as Bellagio Casino.

4. Defendant, MGM (collectively with Bellagio, referred to as "Defendants") is a holding company of which Bellagio is a subsidiary and MGM is the parent, and MGM also has its principal place of business in Nevada and is a citizen of Nevada.

5. MGM put itself into the transaction and events at issue despite Bellagio LLC being the interested person, ignored the corporate veil in doing so, made decisions on behalf of Bellagio, and in all senses ignored corporate formalities such that MGM acted as the alter ego of Bellagio LLC and the operator and owner of the Bellagio Casino (in addition to Bellagio LLC)and acted in a way where justice demands that any corporate veil between Defendants be ignored.

6. Plaintiff is a resident and citizen of the State of Florida.

7. Neither Defendant is a resident or citizen of the State of Florida.

8. Both Defendants are residents of the State of Nevada with their principal places of business in Clark County.

9. The events described herein occurred in Clark County, Nevada.

10. There exists complete diversity between the Plaintiff and all Defendants.

11. There is over $75,000.00 at issue in this matter.

12. Jurisdiction is vested in this Court pursuant to 28 U.S.C. 1332 on the basis of diversity of citizenship.

## OPERATIVE ALLEGATIONS AND CLAIMS

13. MGM publicly admits that it literally "operates" the casino owned by Bellagio.

14. MGM publicly admits that the physical casino known as Bellagio is a casino owned by MGM.

15. MGM publicly acknowledges responsibility over the personnel of Bellagio.

16. Plaintiff is an advantage gambler.

17. Plaintiff had in his possession $20,200 in casino chips issued by Bellagio Casino and which came into his possession while gaming at the Bellagio Casino.

18. The chips in Plaintiff's possession were either earned at gaming tables by the Plaintiff or purchased at the cage or tables by Plaintiff at Bellagio Casino.

19. Plaintiff was entitled to possession of the chips at all times relevant hereto.

20. Plaintiff presented the chips for redemption at the Bellagio cage on August 15, 2021.

21. In violation of Plaintiff's right to possession of the chips, the personnel at the Bellagio cage took the chips from the Plaintiff and neither redeemed nor returned them once they took possession.

22. The law at the time of presentment of the chips required that Bellagio "promptly redeem" the chips, which law was violated indicating Bellagio's intent to permanently deprive the Plaintiff of the chips.

23. Bellagio's taking of the chips constitutes the intentional torts of conversion and trespass to chattels.

24. Bellagio had Plaintiff put out of its premises in which accomplished the illegal purpose of further securing the chips it had illegitimately confiscated from Plaintiff.

25. Putting the Plaintiff out of its casino in furtherance of an illegal purpose is, itself, illegal and illegitimate under the law regardless of NRS 207.200.

26. The conversion and trespass to chattels here occurred with full management approval including approval of a shift manager, a security manager, and a surveillance manager.

27. Defendants lacked any legal authority to dispossess Plaintiff of the chips.

28. The dispossession of the chips and violation of Plaintiff's right to possession occurred with malice which is, in part, evidenced by the following facts, among others:

    a. Defendants' citation of legal authorities allegedly allowing for the dispossession of Plaintiff's right to possession which citation patently did not so provide but which Defendants forced upon the Plaintiff in the attempt to defraud Plaintiff of continuing to seek redemption;

    b. Subsequently, as punishment for forcing bolstering Defendants claim of a duty for Plaintiff surrender the chips or value of the chips, Defendant's issued or purportedly issued a trespass warning pursuant to NRS 207.200 barring Plaintiff from entry into:

        i. Aria;
        ii. Delano;
        iii. Bellagio;
        iv. Beau Rivage;
        v. Borgata;
        vi. Empire City Casino;
        vii. New York-New York;
        viii. Nomad Las Vegas;
        ix. Excalibur MGM Casino Springfield;
        x. Park MGM;
        xi. The Park;
        xii. Mirage;
        xiii. The Signature at MGM Grand;
        xiv. Vedara;

   xv. Four Seasons Las Vegas;

   xvi. Gold Strike Tunica;

   xvii. Luxor;

   xviii. Mandalay Bay;

   xix. Mandalay Place;

   xx. MGM Grand Detroit;

   xxi. MGM National Harbor; and

   xxii. MGM Northfield Park.

 c. Falsely and fraudulently seeking to intimidate the Plaintiff by asserting that NRS 207.200 has application, force, or effect beyond the borders of Nevada with respect to the places on the foregoing list that are outside Nevada.

 d. Falsely and fraudulently seeking to intimidate the Plaintiff by purporting to bar Plaintiff to access to Borgata and MGM Grand Detroit in violation of Plaintiff's right to access those public amusements in the respective states in which they were located.

 e. Falsely and fraudulently representing the scope of NRS 207.200 and seeking to intimidate the Plaintiff by asserting that the statute provides authority for Defendants to issue a warning despite the fact that neither Defendant owns or operates any of the listed casinos or properties save for Bellagio in the sense provided by NRS 207.200..

29. The false statements referenced above in furtherance of the injury to the Plaintiff are also of a nature that it fulfills the requirements of NRS 42.005(1).

30. The false statements referenced above in furtherance of the injury to the Plaintiff are also of a nature that renders the statements a deceptive trade practice pursuant to NRS

598.0915(15); NRS 598.092(8); for which Plaintiff has a civil action pursuant to NRS 41.600.

31. Plaintiff has been damaged in attorney's fees to recoup the stolen funds/chips, lost use of funds, punitive damages, emotional distress, travel expenses, and in other manners which the facts warrant.

32. To the extent any recovery by the Plaintiff is premised upon commission of a deceptive trade practice, Plaintiff is entitled to costs and reasonable attorney's fees incurred in prosecuting this action.

33. Pursuant to NRS 41.600(3)(c), upon prevailing, the Plaintiff is also entitled to costs and reasonable attorney's fees incurred in prosecuting these claims.

34. Pursuant to NRS 41.600(2)(e), Plaintiff also has a viable cause of action for the Defendants' deceptive trade practices set forth above.

## AD DAMNUM

WHEREFORE, Plaintiff prays that he be awarded judgment against Defendants, jointly and severally, for his claims in conversion, trespass to chattels, and consumer fraud in an amount deemed warranted by the trier of fact, and together therewith be awarded to costs, attorney's fees, and interest so wrongfully incurred in prosecuting this action.

DATED this 24th day of April, 2023.

**NERSESIAN & SANKIEWICZ**

*/s/ Robert A. Nersesian*
Robert A. Nersesian
528 S. Eighth Street
Las Vegas, Nevada  89101
Telephone:  702-385-5454
Facsimile:  702-385-7667
Email:  vegaslegal@aol.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff herewith demands trial by jury of all issues so triable in the within case.

DATED this 24th day of April, 2023.

                                                         **NERSESIAN & SANKIEWICZ**

                                                        */s/ Robert A. Nersesian*
                                                        Robert A. Nersesian
                                                        528 S. Eighth Street
                                                        Las Vegas, Nevada  89101
                                                        Telephone:  702-385-5454
                                                        Facsimile:  702-385-7667
                                                        Email:  vegaslegal@aol.com
                                                        Attorneys for Plaintiff