1  Lawrence J. Semenza, III, Esq., Bar No. 7174
   Email: ljs@skrlawyers.com
2  Katie L. Cannata, Esq., Bar No. 14848
   Email: klc@skrlawyers.com
3  SEMENZA KIRCHER RICKARD
   10161 Park Run Drive, Suite 150
4  Las Vegas, Nevada 89145
   Telephone: (702) 835-6803
5  Facsimile: (702) 920-8669

6

7  *Attorneys for Defendants Bellagio, LLC*
   *& MGM Resorts International*

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11  THEODORE LICHTENSTEIN, III,          Case No.   2:23-cv-00629-JAD-BNW

12                        Plaintiff,     **DEFENDANTS' MOTION TO DISMISS**
                                         **PLAINTIFF'S COMPLAINT, OR**
13  v.                                   **ALTERNATIVELY, MOTION FOR A**
                                         **MORE DEFINITE STATEMENT**
14  BELLAGIO, LLC d/b/a BELLAGIO HOTEL
    & CASINO; MGM RESORTS
15  INTERNATIONAL,

16
                           Defendants.
17

18

19          Defendants Bellagio, LLC d/b/a Bellagio Hotel & Casino ("Bellagio") and MGM Resorts

20  International ("MGMRI") (together, "Defendants"), by and through their undersigned counsel of

21  record, hereby move to dismiss Plaintiff Theodore Lichtenstein, III's ("Plaintiff") Complaint, or

22  alternatively, for a more definite statement (the "Motion").

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

This Motion is made pursuant to FRCP 12(b)(6), FRCP 12(e), the pleadings on file with the Court, the attached Memorandum of Points and Authorities and any additional argument of counsel the Court may consider.

DATED this 20th day of June, 2023.

SEMENZA KIRCHER RICKARD

*/s/ Katie L. Cannata*
Lawrence J. Semenza, III, Esq., Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Defendants Bellagio, LLC*
*& MGM Resorts International*

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**MEMORANDUM OF POINTS AND AUTHORITES**

**I.    BACKGROUND**

According to the Complaint, Plaintiff is a self-admitted advantage gambler.  (ECF No. 1, ¶ 16.)  On August 15, 2021, Plaintiff alleges that he was at Bellagio's casino with $20,200.00 of gambling chips in his possession.  (*Id.* at ¶ 17.)  The gambling chips were issued by Bellagio.  (*Id.*)  Plaintiff alleges that he either (1) earned the chips at gaming tables, or (2) purchased the chips at Bellagio's casino cage and/or gaming tables.  (*Id.*)  The Complaint does not specifically identify how Plaintiff came to possess the $20,200.00 in chips, or the date(s) upon which they were allegedly purchased and/or earned.

According to Plaintiff, upon presenting the $20,200.00 in chips for redemption at the casino cage, Bellagio would not immediately redeem them.  (*Id.* at ¶ 20.)  Tellingly, Plaintiff provides no explanation as to why Bellagio temporarily retained the chips.  The Complaint continues by alleging that Bellagio "put[] Plaintiff out of its casino" by issuing a trespass warning pursuant to NRS 207.200.  (*Id.* at ¶¶ 24, 28.)  Plaintiff further alleges Defendants' trespass warning barred him from entering several of MGMRI's properties.  (*Id.* at ¶ 28(b).)

Notably, the Complaint does not allege that Bellagio permanently retained the chips and/or did not eventually redeem them.  In fact, Plaintiff does not seek the value of the gambling chips in this action.  While not stated expressly in the Complaint, the foregoing omissions serve as an acknowledgement that Plaintiff did in fact receive the cash value of the chips from Bellagio.

Nevertheless, Plaintiff purportedly asserts claims for Conversion, Trespass to Chattels and Consumer Fraud/Deceptive Trade Practices against Defendants based on Defendants' review of the Complaint.[1]  For the reasons discussed below, Plaintiff's Complaint must be dismissed in its entirety.  If the Court is not inclined to dismiss the Complaint, Plaintiff should be ordered to provide a more definite statement pursuant to FRCP 12(e).

///

---

[1] As discussed below, the Complaint is incredibly vague and ambiguous.  While it appears that Plaintiff intends to bring these three claims, it is unclear which claim Plaintiff is bringing against which Defendant, or both.  If Plaintiff is attempting to bring additional or other claims, Defendants reserve the right to appropriately address those claims before the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## II.    STANDARD OF REVIEW

Pursuant to FRCP 12(b)(6), a cause of action may be dismissed for failure to state a claim upon which relief may be granted.   Dismissal for failure to state a claim is a question of law, *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989), and is appropriate when a "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990) (quoting *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986)).

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).   While detailed factual allegations are not required, the complaint must set at least forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 129 S. Ct. at 1949, and may not merely state "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.   Indeed, a plaintiff must demonstrate more than just the "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

As such, the Court must engage in a "common sense," "context-specific" examination of the pleading to determine whether a complaint states a plausible claim for relief. *Id* at 1950; *see also Twombly*, 550 U.S. at 557, 570.   The facts alleged must "raise a right to relief above the speculative level and the complaint must contain enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.   Where the well-pleaded facts set forth in the complaint do not permit a court to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief, and the claims in the complaint must be dismissed. *See id*. at 555; *Neitzke v. Wiliams*, 490 U.S. 319, 327 (1989).

As discussed below, the Complaint fails to state a claim for Conversion, Trespass to Chattels and Consumer Fraud/Deceptive Trade Practices against Defendants. As such, the Court should dismiss Plaintiff's Complaint in its entirety.

Alternatively, if the Court is not inclined to dismiss the Complaint, Plaintiff should be required to provide a more definite statement. Pursuant to FRCP 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because Plaintiff's Complaint is entirely vague and ambiguous, the Court should be ordered to provide a more definite statement if it does not dismiss the Complaint.

## III.    ARGUMENT

### A.    Plaintiff's Claims for Conversion and Trespass to Chattels Must Be Dismissed[2]

#### 1.    *The Gambling Chips Were Not Plaintiff's Personal Property*

Conversion is a distinct act of dominion wrongfully exerted over another's ***personal property*** in denial of, or inconsistent with, his title or rights therein or in derogation, exclusion, or defiance of such title or rights. *Evans v. Dean Witter Reynolds, Inc*., 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000) (citations and quotations omitted) (emphasis added).

"In order to state a claim for trespass to chattels, a plaintiff must allege (1) that the defendant intentionally and without authorization interfered with the plaintiff's ***possessory interest*** in certain property, and (2) that this interference resulted in damage to the plaintiff." *Villagomes v. Lab'y Corp. of Am.*, No. 2:08-CV-0387-RLH-GWF, 2010 WL 11579042, at *4 (D. Nev. Jan. 6, 2010) (citing *Ebay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1069–70 (N.D. Cal. 2000)) (emphasis added). "It is well-settled that a person having neither the possession ***nor the right to the possession of personal property cannot maintain [a claim for] trespass … to the property***." *Rahis v. McLeod*, 204 P. 501, 502 (Nev. 1922) (emphasis added).

---

[2] It is unclear whether Plaintiff's claims for Conversion and Trespass to Chattels are asserted against MGMRI, given that the allegations concerning the gambling chips solely reference Bellagio's actions.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

Here, Plaintiff fails to state a claim for Conversion and Trespass to Chattels against Defendants. The alleged gambling chips were not – and could not have been – Plaintiff's personal property. While the Complaint alleges that Plaintiff "was entitled to possession of the chips at all times relevant hereto," Nevada Gaming Regulation 12.060(1) states that "[c]hips and tokens are solely representatives of value which evidence a debt owed to their custodian by the licensee that issued them *and are not the property of anyone other than that licensee*." (Emphasis added.) (*See* ECF No. 1, ¶ 19.) Because the gambling chips belonged exclusively to Bellagio, Plaintiff was not deprived or dispossessed of his personal property. As such, Plaintiff was not and could not have been damaged by Bellagio's temporary retention of the chips.

For this reason alone, Plaintiff's claims for Conversion and Trespass to Chattels must be dismissed.

**2.  *Bellagio's Temporary Retention of The Chips Cannot, and Did Not, Constitute Conversion or Trespass to Chattels***

In addition to the foregoing, Bellagio was entitled to temporarily retain the gambling chips before redeeming them. As stated in Nevada Gaming Regulation 12.060(4), "[a] licensee *shall not* redeem its chips or tokens if presented by a person who the licensee knows *or reasonably should know* did not obtain the chips or tokens directly and lawfully from the licensee's gaming establishment." (Emphasis added.) Indeed, in situations where a patron and licensee have a dispute involving, among other things, alleged winnings and/or the distribution of cash in an amount of $500.00 or more – a licensee is responsible for notifying the Nevada Gaming Control Board for further investigation and/or assistance with the dispute. *See* NRS § 463.362.

The Complaint conveniently omits Bellagio's reasoning for temporarily retaining the chips: Plaintiff's game play, *i.e.* how he came to possess the chips, could not be verified. Thus, Nevada law required Bellagio to *not* immediately redeem the chips, but rather work with the Nevada Gaming Control Board to ascertain whether they *could* be redeemed. Thus, even if Bellagio's temporary retention of the chips could inform claims for conversion and/or trespass to chattels (it cannot), Bellagio was nevertheless privileged to do so. As stated in Restatement (Second) of Torts § 265 (1965):

6

One is privileged to commit an act which would otherwise be a trespass to a chattel or a conversion *if he is acting in discharge of a duty or authority created by law to preserve the public safety, health, peace, or other public interest, and his act is reasonably necessary to the performance of his duty or the exercise of his authority*.

(Emphasis added.); *see also* NRS § 463.0129 (stating that it is the "public policy of this state" to maintain "public confidence and trust" by "strict regulation of all persons, locations, practices, associations and activities related to the operation of licensed gaming establishments . . . .").

Accordingly, the Court must dismiss Plaintiff's claims for Conversion and Trespass to Chattels against Defendants.

**B.     The Complaint Fails to State a Claim for Consumer Fraud and/or Deceptive Trade Practices Against Defendants**

Plaintiff purportedly alleges a claim for Consumer Fraud and/or Deceptive Trade Practices against Defendants.  In doing so, Plaintiff cites to NRS § 598.0915(15) and NRS § 598.092(8) of Nevada's Deceptive Trade Practices Act (the "NDTPA").  These statutes define deceptive trade practices as (1) knowingly making a false representation in a consumer transaction, and (2) knowingly misrepresenting a consumer's legal rights, obligations and or remedies during a transaction. *See* NRS § 598.0915(15); NRS § 598.092(8).

The factual basis for Plaintiff's Consumer Fraud/Deceptive Trade Practices claim, however, is unclear.  Based upon the ambiguous allegations contained in the Complaint, Plaintiff appears to premise this claim on purported representations concerning (1) Bellagio's temporary retention of the gambling chips, and/or (2) Plaintiff's trespass from MGMRI's properties.  As discussed below, the foregoing acts and/or representations do not constitute consumer fraud or deceptive trade practices under NRS Chapter 598.  Therefore, Plaintiff's claim must be dismissed.

**1.     *Bellagio's Temporary Retention of the Gambling Chips Did Not Constitute Consumer Fraud or a Deceptive Trade Practice***

**i.     Bellagio Correctly Represented that It Could Not Immediately Redeem the Gambling Chips**

The Complaint alleges that Defendants cited "legal authorities allegedly allowing for the dispossession of Plaintiff's right to possession which citation patently did not so provide but

7

which Defendants forced upon Plaintiff in the attempt to defraud Plaintiff of continuing to seek redemption."  (ECF No. 1, ¶ 28(a).)  Plaintiff fails to identify when or who told him this information, or the precise legal authorities allegedly cited by Defendants and/or how those authorities were false.  However, pursuant to Nevada Gaming Regulation 12.060(4), Bellagio was **not** required to immediately redeem the gambling chips, given that it could not determine whether Plaintiff obtained the chips directly and lawfully from Bellagio (*i.e.* through verified game play at its casino).  Moreover, Nevada Gaming Regulation 12.060(1) also states that gambling chips "are not the property of anyone other than that licensee," and therefore, Bellagio's retention of its own chips was not illegal and/or improper in any way.

As such, to the extent that Bellagio represented to Plaintiff that it was entitled to temporarily retain the gambling chips, that representation was demonstrably true.  Thus, Plaintiff cannot premise his claim for Consumer Fraud/Deceptive Trade Practices on the foregoing alleged representation.

### ii.    Plaintiff Has Not Suffered Legally Cognizable Damages as a Result of Bellagio's Temporary Retention of the Gambling Chips

Even if Bellagio's representations regarding the chips' retention could appropriately inform a consumer fraud/deceptive trade practices claim (they cannot), Plaintiff has failed to allege legally cognizable damages.  As the Court is aware, a deceptive trade practices claim brought under NRS § 41.600(1) requires a party to plead "(1) an act of consumer fraud by the defendant [that] (2) caused (3) *damage to the plaintiff*."  *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009); *see also* NRS § 41.600(2)(e) (defining consumer fraud to include deceptive trade practices listed in NRS §§ 598.0915 to 598.0925) (emphasis added). *Urb. Outfitters, Inc. v. Dermody Operating Co., LLC*, No. 321CV00109MMDCLB, 2022 WL 4134127, at *4 (D. Nev. Sept. 12, 2022).

Here, Plaintiff did not suffer – and therefore cannot adequately allege – legally cognizable damages in support of his Consumer Fraud/Deceptive Trade Practices Claim.  A recently decided Ninth Circuit Court of Appeals (the "Ninth Circuit ") case, *Leigh-Pink v. Rio Properties, LLC*, 41

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

8

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

F.4th 1092 (9th Cir. 2022), confirms the same.  In *Leigh Pink,* the Ninth Circuit was tasked with determining a single issue: whether plaintiffs had adequately pled damages under NRS § 41.600. Because a controlling question of state law existed, the Ninth Circuit certified the following question to the Supreme Court of Nevada:

> For purposes of … a ***consumer fraud claim under NRS § 41.600***, has a plaintiff suffered damages if the defendant's fraudulent actions caused the plaintiff to purchase a product or service that the plaintiff would not otherwise have purchased, even if the product or service was not worth less than what the plaintiff paid?

*Leigh-Pink*, 41 F.4th at 1093 (emphasis added).[3]

In issuing its decision, the Supreme Court of Nevada noted that "NRS § 41.600(1) provides a cause of action to victims of consumer fraud. It defines a deceptive trade practice as outlined in the NDTPA, codified in NRS Chapter 598, as one type of consumer fraud … [and] [i]n a consumer fraud action, [i]f the claimant is the prevailing party, the court shall award the claimant ... [a]ny damages that the claimant has sustained" pursuant to NRS § 41.600(3)(a).  *Leigh-Pink v. Rio Properties, LLC*, 138 Nev. Adv. Op. 48, 512 P.3d 322, 327 (2022).

The Supreme Court of Nevada further reasoned that "[t]he plain language of NRS § 41.600(3)(a) counsels this court to conclude that a plaintiff who has suffered no injury has not been damaged under the statute," and that "[t]he United States Supreme Court has defined damages as 'the compensation which the law will award for an injury done.'" *Id.* (citing *Scott v. Donald*, 165 U.S. 58, 86, 17 S.Ct. 265, 41 L.Ed. 632 (1897)).

Upon combining these definitions, the Supreme Court of Nevada found that in instances where a plaintiff "**assert[s] only economic injury <u>but ha[s] received the true value of their goods or services</u> ... the plaintiff[] ha[s] not been injured and thus ha[s] not 'sustained' any**

---

[3] To be clear, Defendants deny that they engaged in any fraudulent conduct at any point in time during the underlying incident.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

damages by the defendant's conduct under NRS § 41.600(3)(a)." *Leigh-Pink*, 512 P.3d at 327–28.[4]

In this case, Bellagio ultimately redeemed the chips presented by Plaintiff.  Put differently, Plaintiff received the true value of the gambling chips.  The Complaint acknowledges the same.[5] As such, pursuant to NRS § 41.600(3)(a) and *Leigh Pink*, Plaintiff did not sustain damages as a result of Bellagio's temporary retention of the gambling chips.  Therefore, to the extent that his Consumer Fraud/Deceptive Trade Practices claim is premised upon Bellagio's temporary retention of the chips, Plaintiff has not – and cannot – adequately plead the element of damages.

**2.      Plaintiff Cannot Premise His Consumer Fraud/Deceptive Trade Practices Claim on His Trespass and/or Defendants' Related Representations**

**i.      Defendants Were Legally Entitled to Trespass Plaintiff**

"There is overwhelming authority recognizing the common-law right of a private owner of a public amusement to exclude *any person for any reason* from the premises." *Slade v. Caesars Entm't Corp.*, 132 Nev. 374, 377–78, 373 P.3d 74, 76 (2016) (citing *Ziskis v. Kowalski,* 726 F.Supp. 902, 908 (D.Conn.1989) ("The weight of the case law upholds the common law rule that owners of places of amusement, like theaters and racetracks, are permitted to exclude patrons without cause.")).  Thus, while casinos are required to be open to the public, they nevertheless have the common-law right to exclude ***any individual*** from the premises, so long as that the reason for exclusion is not discriminatory or unlawful.  *See id.*

The Complaint alleges that Defendants trespassed Plaintiff from Bellagio for an "illegal purpose."  (ECF No. 1, ¶ 24.)  However, there was nothing illegal about Plaintiff's trespass – nor does Plaintiff specifically identify the "illegal purpose."  Pursuant to the authorities cited above,

---

[4] Because a plaintiff who receives the true value of the goods or services at issue has not suffered damages under NRS § 41.600, the Ninth Circuit affirmed the dismissal of plaintiffs' consumer fraud claim.  *Leigh-Pink*, 41 F.4th at 1093.

[5] Again, Plaintiff does not seek the value of the chips in this action and does not allege that the chips were ***never*** redeemed.  (*See* ECF No. 1.)

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

Defendants were entitled to trespass Plaintiff for any reason – whether that be for his questionable possession of the gambling chips without verified game play, or otherwise.[6]

As such, Defendants' trespassing of Plaintiff alone cannot serve as the basis for his Consumer Fraud/Deceptive Trade Practices claim.

### ii.   Trespassing Is Not a Consumer Transaction Under the NDTPA

Pursuant to the Complaint, Plaintiff purportedly premises his Consumer Fraud/Deceptive Trade Practices claim on NRS § 598.0915(15) and NRS § 598.092(8), *i.e.* the NDTPA. Defendants' trespassing of Plaintiff, however, does not constitute consumer transaction encompassed by the NDTPA.  As such, neither the trespass nor any of Defendants' related representations can serve as the basis for Plaintiff's claim.

Indeed, this Court has consistently held that the NDTPA (as codified in NRS Chapter 598) solely applies to transactions involving *goods and services*.  *See Gage v. Cox Commc'ns, Inc.*, No. 216CV02708KJDGWF, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017) (citing *Alexander v. Aurora Loan Services*, 2010 WL 2773796, *2 (D. Nev. July 8, 2010); *see also Archer v. Bank of America Corp.*, 2011 WL 6752562, *2 (D. Nev. December 23, 2011).

The Complaint does not – and logically cannot – allege that Plaintiff's trespass constituted a transaction involving goods or services encompassed by the NDTPA.  Thus, to the extent that Plaintiff premises his claim on the trespass and/or Defendants' representations concerning the trespass, the NTDPA is inapplicable.  Any argument to the contrary would not only be absurd but would contravene this Court's narrow application of the NDTPA.

### 3.   Plaintiff Has Not Sufficiently Plead Causation in Support of His Consumer Fraud/Deceptive Trade Practice Claim

To sufficiently plead the causation element of claim under the NDTPA, a plaintiff must allege that they ***relied*** on the misrepresentation which caused the harm.  *Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1178 (D. Nev. 2021), *reconsideration denied*, No.

---

[6] Pursuant to NRS § 207.200, a sufficient trespass warning may be given by "the owner or occupant of the land or building making an oral or written demand to any guest to vacate the land or building." Defendants complied with NRS § 207.200 upon trespassing Plaintiff.

220CV00674APGEJY, 2022 WL 834790 (D. Nev. Mar. 21, 2022); *see also Guerra v. Dematic Corp*, No. 3:18-CV-0376-LRH-CLB, 2020 WL 5995496, at *2-3 (D. Nev. Oct. 8, 2020) (recognizing that "the causation element [under NRS § 41.600] includes reliance," meaning that "the defendant must have relied on the alleged misrepresentation in order to state a claim under the [statute]"); *Bank of N.Y. Mellon v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:17-cv-00233-JAD-DJA, 2020 WL 2064065, at *6 (D. Nev. Apr. 28, 2020) (identifying reliance as an element for NRS § 598.0915(15)).

Here, even if Defendants misrepresented (1) Bellagio's right to temporarily retain possession of the chips, or (2) their ability to trespass Plaintiff from MGMRI properties (they did not), Plaintiff has failed to allege reliance upon those purported misrepresentations.[7]  Indeed, the Complaint is completely absent of any allegations that Plaintiff (1) relied upon and/or believed the alleged misrepresentations to be true and (2) was harmed as a result of his reliance.  (*See* ECF No. 1.)

Based upon the foregoing, Plaintiff has clearly failed to state a claim for Consumer Fraud/Deceptive Trade Practices against Defendants.  As such, the claim must be dismissed.

### C.   Plaintiff's Consumer Fraud/Deceptive Trade Practices Claim Also Fails to Satisfy FRCP 9(b)'s Heightened Pleading Requirement

FRCP's 9(b) applies to state-law claims that "sound in fraud" and "are 'based on a unified course of fraudulent conduct.'" *Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1174 & n.3 (D. Nev. 2021) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003)).  A fraud claim under the Nevada Deceptive Trade Practices Act (the "NDTPA") must meet the heightened pleading requirement under FRCP 9(b).  *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (under FRCP 9(b), the "circumstances of the fraud must be stated with particularity").

FRCP 9(b) provides that when a party alleges fraud, the party must "state with particularity the circumstances constituting fraud," that is, "the who, what, when, where, and how

---

[7] The Complaint alleges that Defendants represented to Plaintiff that he was barred from, among other MGMRI properties, Beau Rivage.  Plaintiff did not rely upon that representation.  In fact, Plaintiff visited Beau Rivage's casino just *two months* after his incident at the Bellagio.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

of the misconduct charged." *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (citation omitted); *see also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (noting that "the complaint must include an account of the time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations") (citations and quotation marks omitted).

Plaintiff's claim for Consumer Fraud/Deceptive Trade Practices clearly fails to meet FRCP 9(b)'s heightened pleading requirements.  The Complaint fails to allege with ***any*** particularity the "who," "what" and "how" of the purported misconduct informing Plaintiff's claim.  First, Plaintiff fails to differentiate between the Defendants and which claims are being asserted against each – a violation of FRCP 9(b)'s heightened pleading requirements.  Next, the Complaint alleges that Defendants cited "legal authorities allegedly allowing for the dispossession of Plaintiff's right to possession which citation patently did not so provide . . . ."  (ECF No. 1, ¶ 28(a).)  Plaintiff does not identify who specifically cited the alleged legal authorities, and when they did so.  More importantly, Plaintiff does not identify what legal authorities were cited, or how they were purportedly false.

Next, the Complaint alleges that Defendants "falsely and fraudulently [sought] to intimidate Plaintiff by asserting that NRS 207.200 has application, force, or effect beyond the borders of Nevada . . . ."  (*Id.* at ¶ 28(c).)  Again, Plaintiff fails to allege who made the foregoing assertions or how they were purportedly false.  The same is true of Plaintiff's allegation that Defendants "[f]alsely and fraudulently represent[ed] the scope of NRS 207.200 and [sought] to intimidate the Plaintiff by asserting that the statute provides authority for Defendants to issue a warning despite the fact that neither Defendant owns or operates any of the listed casinos or properties save for Bellagio in the sense provided by NRS 207.200."[8]  (*Id.* at 28(e)).  The

---

[8] Defendants maintain that Plaintiff's trespass from MGMRI properties was proper.   NRS § 207.200 permits trespass warnings to be given on behalf of an owner.  *See Scott v. Justice's Ct. of Tahoe Twp.*, 84 Nev. 9, 12, 435 P.2d 747 (1968).  Bellagio is a subsidiary of MGMRI.  The properties identified in Plaintiff's complaint are similarly subsidiaries of MGMRI.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

foregoing allegation similarly does not identify the specific "who" or "how" required by FRCP 9(b).

Put simply, the Complaint is completely absent of the requisite "who," "what" and "how" detail required to provide a factual basis for Plaintiff's purported Consumer Fraud/Deceptive Trade Practices claim against Defendants.   Thus, under any scenario, this claim must be dismissed.

### D.   <u>Plaintiff's Request for Punitive Damages Must Also Be Dismissed</u>

Under Nevada law, in order to plead a request for punitive damages, the plaintiff must allege that the defendant has been guilty of oppression, fraud or malice, express or implied.  *See* NRS § 42.005(1).  Oppression means "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." *Id.* at § 42.001(4).  Fraud means "an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property." *Id.* at § 42.001(2).  Malice means "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard for the rights of others." *Id.* at § 42.001(3). Conscious disregard means "the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." *Id.* at § 42.001(1).

"Claims of malice, intent, knowledge, and other conditions of a person's mind must ***allege sufficient underlying facts*** from which a court may reasonably infer that a party acted with the requisite state of mind." *ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1058 (D. Nev. 2016) (citation omitted) (emphasis added).

Plaintiff purportedly seeks punitive damages against Defendants. The Complaint, however, fails to assert sufficient factual allegations in support his request.  Indeed, the Complaint merely states that the purported false statements referenced therein "are of a nature that it fulfills the requirements of NRS 42.005(1)."  Despite Plaintiff's assertion to the contrary, none of the allegations contained within the Complaint remotely suggest that Defendants acted with oppression, fraud or malice toward Plaintiff.   Rather, the Complaint generally states that Defendants' statements were somehow "false" or "fraudulent" without providing any detail how

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

they allegedly were.  These legal conclusions alone are insufficient to support Plaintiff's request for punitive damages.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."); *Boskovich v. Nye Cnty*., No. 2:21-CV-0670-JAD-DJA, 2022 WL 2481636, at *2 (D. Nev. July 5, 2022) (recognizing that legal conclusions are not entitled to the assumption of truth) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

Thus, Plaintiff's request for punitive damages against Defendants must be dismissed.  *See InjuryLoans.com, LLC v. Buenrostro*, 529 F.Supp.3d 1178, 1188 (D. Nev. 2021) (dismissing a request for punitive damages because the plaintiff merely alleged that the defendant "engaged in tortious conduct," but did not allege intentional or willful conduct or any "conduct rising to the level of oppression, fraud, or malice").

E.    **Alternatively, the Court Should Require Plaintiff to Provide a More Definite Statement**

If a pleading is so vague and ambiguous that the party cannot reasonably prepare a response, as it is here, a party may move for a more definite statement.  FRCP 12(e).  A motion for a more definite statement should be granted if a complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  *Cellars v. Pac. Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal.1999).

If the Court is not inclined to dismiss Plaintiff's Complaint in its entirety (which it must), it should alternatively require Plaintiff to provide a more definite statement.  Put simply, the Complaint is so vague, ambiguous, confusing and unintelligible that Defendants are forced to speculate as to the precise claims Plaintiff is attempting to bring in this action.  Presuming Plaintiff is bringing claims for Conversion, Trespass to Chattels and Consumer Fraud/Deceptive Trade Practices, Defendants are unable to decipher which factual allegations are intended to support each claim.  Moreover, it is also unclear as to which party Plaintiff intends to bring each of his claims against (*i.e.* Bellagio, MGMRI or both).  Indeed, Plaintiff does not organize his

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

factual allegations under headings or in separate sections for each purported cause of action.  In turn, the Complaint is, on its face, wholly intelligible.

As such, if the Court is not inclined to dismiss the Complaint in its entirety, it should nevertheless require Plaintiff to provide a more definite statement.

## IV.    CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Complaint.  In the event that the Court is not inclined to do so, Defendants alternatively request that the Court require Plaintiff to provide a more definite statement.

DATED this 20th day of June, 2023.

SEMENZA KIRCHER RICKARD

*/s/ Katie L. Cannata*
Lawrence J. Semenza, III, Esq., Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Defendants Bellagio, LLC & MGM Resorts International*

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Kircher Rickard in Clark County, Nevada. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

I hereby certify that on the 20th day of June 2023, I served the document(s), described as:

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

☒   by sending ☐ an original ☒ a true copy

☒   a.   via **CM/ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

NERSESIAN & SANKIEWICZ
Robert A. Nersesian, Esq., vegaslegal@aol.com
*Attorney for Plaintiff*

☐   b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Lawrence J. Semenza Ltd.'s practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐   c. **BY PERSONAL SERVICE.**

☐   d. **BY DIRECT EMAIL.**

☐   e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Olivia A. Kelly*
An Employee of Semenza Kircher Rickard

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

17